Marshall, C. J.
At the close of all the testimony counsel for defendant moved to arrest the case from the jury, and for judgment in defendant’s favor upon the following grounds:
1. That the evidence fails to disclose any negligence on the part of defendant.
2. That plaintiff is guilty of such contributory negligence as to bar any recovery in this case.
3. That if the evidence tends to establish any relation of master and servant between plaintiff and defendant that plaintiff assumed the risk involved in attempting to get on the car in question while the same was in motion.
The foregoing motion having been sustained, and the plaintiff being nonsuited, and this being the only error seriously complained of, it only remains to be determined whether the motion was properly sustained upon any or all of the three grounds therein set forth. Upon the first of these grounds the court could only have reached an affirmative conclusion on the theory that there was no evidence tending to establish plaintiff’s right to recovery under the alie *100 gations of his amended petition. It should be stated at the outset that the principles governing this proposition have been frequently discussed by this court in a number of well-considered cases, to-wit, Ellis & Morton v. Ohio Life Ins. & Trust Co., 4 Ohio St., 628; Dick v. I. C. & L. Rd. Co., 38 Ohio St., 389; Cincinnati Street Ry. Co. v. Snell, 54 Ohio St., 197, and Gibbs v. Village of Girard, 88 Ohio St., 34. Many other cases decided by this court might be referred to as being in thorough accord with the principles laid down and uniformly agreed to in all of the above cases, but those cited will be found to be the leading cases. It would be supererogatory to discuss those cases at length or to again refer to the provisions in both the state and federal constitutions guaranteeing the right of trial by jury, and it should be sufficient to state that we adhere to and reaffirm all the former holdings of this court in the cases above cited. Having declared in favor of the reaffirmance of those principles, it only remains to determine whether they have been properly applied by the trial judge in the instant case. Inasmuch as the conclusion we have reached in this case will require a retrial, it would not be proper to enter into a discussion of the testimony shown in the record, because any such discussion would involve an expression of opinion on the part of this court as to its probative value. It -is sufficient to say that we have carefully read all the testimony and we think enough appears to have required the submission of the testimony to the jury under proper instructions. In our opinion, there was some testimony tending to prove each and *101 every allegation set forth in the statement of facts preceding this opinion. We therefore hold that the first ground of the motion for nonsuit is not properly sustained.
Let us next determine whether the second ground is well taken, to-wit, whether the plaintiff was guilty of such contributory negligence as would bar a recovery. On this point we need not look further than the case of Cincinnati Street Ry. Co. v. Snell, supra. We quote the fourth paragraph of the syllabus : “Where the evidence of the plaintiff shows actionable negligence on the part of the company, and the question of contributory negligence of the plaintiff depends upon a variety of circumstances from which different minds may reasonably arrive at different conclusions as to whether there was contributory negligence or not, the question should be submitted to the jury under proper instructions; and it is error in such case for the court to direct a verdict for the defendant.”
If the nonsuit was ordered on the ground of contributory negligence it could only have been properly so ordered on the theory that, as matter of law, the plaintiff was guilty of contributory negligence.
The act charged in the answer as constituting contributory negligence was his attempt to board a moving train, and we must admit that under ordinary circumstances it is an improper thing to do and that such attempts are always attended with risk and'danger.
On the other hand if plaintiff was an employe, under the orders of the agent; if the agent ordered *102 him to board the train; if plaintiff had no knowledge of railroad work, and no experience in boarding trains, and no knowledge of the danger incident thereto; and if he believed it to be his duty to obey an order to board a slowly-moving train, his conduct in so doing could not be said, as a matter of law, to be such contributory negligence as would preclude a recovery.
We do not hesitate to say that different minds might very well arrive at different conclusions on this feature of the record. It is not necessary at this time to go^ the length of stating that every element necessary to establish the relation of master and servant was clearly proven, because there might be some question as to whether the railroad company knew that services were actually being rendered by Schnable. But there was evidence from which it might be inferred that the. company had such knowledge, and the question of the' relation of master and servant should at least have been submitted to the jury under proper instructions. If under proper instructions the jury should have determined that the relation of master and servant existed, they might then determine under proper instructions whether Schnable correctly quoted the alleged order to board the moving train, or, whether, on the other hand, the agent was merely making a suggestion and whether such suggestion was made in the language quoted. The jury should have been instructed to determine whether Schnable was ordered to board the moving train, and, if so, whether under all the circumstances it was such an order as Schnable as the servant of the *103 railroad company should in the exercise of ordinary prudence feel obliged to obey. Many respectable authorities hold that the master is estopped from setting up the defense of contributory negligence in not disobeying an order. We do not deem it necessary to go so far, but we do say that it should be left to the jury to determine whether the danger of obeying the order is so obvious as to justify disobedience, and whether, if obeyed, ordinary care is used in its execution. In this connection we must not lose sight of the fact that Schnable was only eighteen years of age, and therefore the principles discussed in the case of Rolling Mill Co. v. Corrigan, 46 Ohio St., 283, have some application, although Corrigan was four years younger than Schnable.
Let us next determine whether the court was justified in sustaining the third ground of the .motion for nonsuit, to-wit, that if the evidence tends to establish the relation of master and servant between plaintiff and defendant that plaintiff assumed the risk involved in attempting to get on the car in question while the same was in motion. Counsel for plaintiff have cited on this point the case of Van Duzen Gas & Gasoline Engine Co. v. Schelies, 61 Ohio St., 298. This case seems clearly in point and we therefore quote from the syllabus:
“1. A servant assumes only such risks incident to his employment as will happen in the ordinarily careful management of the business of the master; such as arise from the fault of the master are not assumed, and the servant may recover for injuries *104 therefrom, unless his own fault contributed to the accident.
“2. One who, as a servant, does that in his employment which he is ordered to do by his master, and is injured by the culpable negligence of the latter, is not deprived of a right to recover for the injury by the fact that it was apparently dangerous, if a person of ordinary prudence would, under the circumstances, have obeyed the order, provided he used ordinary care in obeying it.
“3. In such case the question is one of fact for the jury under proper instructions from the court.”
The opinion in that case was pronounced by Min-shall, J., and apparently concurred in by every other member of the court. There can be no reason for a departure from those principles at this time.
The conclusion we have reached is that it was error to direct a nonsuit, and that the court of appeals erred in affirming the judgment of the court of common pleas. The cause should be remanded to the court of common pleas for new trial.
Judgment reversed, and cause remanded.
Johnson, Hough, Robinson, Jones and Matthias, JJ., concur.
Wanamaker, J., concurs in the judgment, but dissents from second proposition of the syllabus.